UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA A. EBERHARDT                    Case No. 15-13811

        Plaintiff,              Victoria A. Roberts
v.                                       United States District Judge

COMMISSIONER OF SOCIAL SECURITY,        Stephanie Dawkins Davis
                                         United States Magistrate Judge
        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 14, 20)**

## I.   PROCEDURAL HISTORY

    A.   Proceedings in this Court

On October 28, 2015, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  This case was referred to Magistrate Michael Hluchaniuk for all pretrial purposes by District Judge Victoria A. Roberts.  (Dkt. 3).  The case was subsequently reassigned to the undersigned pursuant to Administrative Order.  This matter is before the Court on cross-motions for summary judgment.  (Dkt. 14, 20).

    B.   Administrative Proceedings

Plaintiff filed the instant claim for supplemental security income on November 21, 2012, alleging disability beginning July 29, 2011.  (Dkt. 12-2, Pg

1

ID 49).  Plaintiff's claim was initially denied by the Commissioner on January 25, 2013.  *Id.*  Plaintiff requested a hearing, and on February 12, 2014 plaintiff appeared, along with her attorney, before Administrative Law Judge ("ALJ") Patricia S. McKay, who considered the case de novo.  (Dkt. 12-2, Pg ID 70-103). In a decision dated April 22, 2014, the ALJ found that plaintiff was not disabled. (Dkt. 12-2, Pg ID 49-58).  Plaintiff requested a review of this decision on May 28, 2014.  (Dkt. 12-2, Pg ID 42).  The ALJ's decision became the final decision of the Commissioner when the Appeals Council on September 25, 2015, denied plaintiff's request for review.  (Dkt. 12-2, Pg ID 35-39); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that defendant's motion for summary judgment be **DENIED**, that the findings of the Commissioner be **REVERSED** and this matter be **REMANDED** for further proceedings under Sentence Four.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff was born in 1981 and was 30 years old on the date the application was filed.  (Dkt. 12-2, Pg ID 57).  The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in

2

substantial gainful activity since the application date.  (Dkt. 12-2, Pg ID 51).  At

step two, the ALJ found that plaintiff's major depressive disorder; asthma; thyroid

nodule; history of connective tissue disorder related to fibromyalgia or Raynaud's

syndrome and history of GERD were severe impairments.  *Id*.  The ALJ also noted

plaintiff's kidney stones, obesity, chronic migraine headaches, ovarian cyst and

history of pulmonary embolism in her right lung as nonsevere impairments.  *Id.*

At step three, the ALJ found no evidence that plaintiff's combination of

impairments met or equaled one of the listings in the regulations.  (Dkt. 12-2, Pg

ID 52-53).  The ALJ determined that plaintiff had the following residual

functional capacity ("RFC"):

> After careful consideration of the entire record, ... the
> claimant has the residual functional capacity to perform
> sedentary work as defined in 20 CFR 404.1567(a)
> provided she has the opportunity to alternate between
> sitting and standing while engaged in the work.
> Mentally, she is limited to work that is simple, routine
> and repetitive work, that is self-paced (e.g., avoid a
> production line work environment), and that requires no
> more than occasional contact with others.

(Dkt. 12-2, Pg ID 53).  At step four, the ALJ concluded that plaintiff could not

perform any past relevant work.  (Dkt. 12-2, Pg ID 57).  At step five, the ALJ

denied plaintiff benefits because plaintiff could perform a significant number of

jobs available in the national economy.  (Dkt. 12-2, Pg ID 57-58).

    B.    Plaintiff's Claims of Error

According to plaintiff, the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly consider the treating source opinion and plaintiff's credibility.  (Dkt. 14, Pg ID 527-533).

Plaintiff specifically contends that the ALJ erred in giving little weight to the opinion of plaintiff's treating rheumatologist, Dr. Samir Yahia.  (Dkt. 14, Pg ID 527-530).  Dr. Yahia's Fibromyalgia Residual Functional Capacity Questionnaire indicated that plaintiff suffered from multiple tender points; nonrestorative sleep; chronic fatigue; morning stiffness; muscle weakness; subjective swelling; numbness and tingling; sicca symptoms; Raynaud's phenomenon; breathlessness; anxiety; and depression.  Dr. Yahia specifically indicated that plaintiff could: sit for 15 minutes at one time; walk less than one block without rest; stand for 15 minutes at one time; sit for less than 2 hours total during an 8-hour work day; and stand/walk in combination for no more than 2 hours total during an 8-hour workday.  In addition, Dr. Yahia indicated that plaintiff could only occasionally lift less than 10 pounds, would need unscheduled work breaks, and would need to miss more than 4 days of work per month due to her impairments.  (Dkt. 14, Pg ID 521).

According to plaintiff, the only reasons provided by the ALJ for assigning little weight to Dr. Yahia's opinion were that Dr. Yahia's opinion is inconsistent with the treatment records; and 2) Dr. Yahia's findings relied heavily on the

4

claimant's subjective complaints.  (Dkt. 14, Pg ID 528).  According to plaintiff, the ALJ's rejection of this treating physician opinion as unsupported by objective evidence clearly evolves from a fundamental misunderstanding of the nature of fibromyalgia.  In response to the ALJ's finding that "there was no evidence of active synovitis and the claimant exhibited normal range of motion" and "physical examinations have been unremarkable except for trigger points...," plaintiff notes several Sixth Circuit cases noting that objective tests are of little relevance in gauging the severity of fibromyalgia.  *Kalmbach v. Comm'r of Soc. Sec.*, 409 Fed. Appx. 852, 861 (6th Cir. 2011); *Rogers v. Comm'r of Soc. Sec.*, 486 F. 3d 234, 243 (6th Cir. 2007); *Preston v. Sec'y of Health & Human Servs.*, 854 F.2d 815, 820 (6th Cir. 1988) (noting that objective tests are of little relevance in determining the existence or severity of fibromyalgia); *Swain v. Comm'r of Soc. Sec.,* 297 F. Supp. 2d 986, 990 (N.D. Ohio 2003) (observing that "[f]ibromyalgia is an 'elusive' and 'mysterious disease' which causes "severe musculoskeletal pain.").  Plaintiff specifically notes that "fibromyalgia patients typically manifest normal muscle strength and neurological reactions and have full range of motion." *Preston*, 854 F.2d at 820.  The process of diagnosing fibromyalgia relies upon a series of focal points for tenderness and ruling out of other possible conditions through objective and clinical trials.  *Id.*  Here, Dr. Yahia specifically noted on multiple occasions plaintiff tested positive for tenderness and at numerous trigger

points in the upper and lower extremities.  Therefore, plaintiff argues, the ALJ's
contention that her "physical examinations have been unremarkable except for
trigger points" should actually be construed as a reason to support Dr. Yahia's
treating physician opinion, since these findings are precisely those that would be
expected of a fibromyalgia patient.  Plaintiff thus contends that the ALJ's decision
to give little weight to Dr. Yahia's opinion is not supported by substantial
evidence and that the ALJ's failure to give good reasons for her rejection of Dr.
Yahia's treating physician opinion constituted legal error.  Plaintiff argues further
that the ALJ's failure to accord controlling, or any weight whatsoever to Dr.
Yahia's opinion was in error since this opinion evidence is consistent with
overwhelming weight of the evidence, and not contradicted by any other medical
opinion or evidence in the record.  Plaintiff believes this case should be reversed
for an award of benefits. (Dkt. 14, Pg ID 529-530).

Plaintiff also argues that the ALJ's credibility finding is not supported by
substantial evidence and fails to comply with the requirements of SSR 96-7p and
20 C.F.R. § 416.929.  According to plaintiff, the ALJ erroneously dismisses
plaintiff's credibility based on a boilerplate determination that was result-oriented,
stating that:

> After careful consideration of the evidence, the
> undersigned finds that the claimant's medically
> determinable impairments could reasonably be expected

6

> to cause the alleged symptoms; however, the claimant's
> statements concerning the intensity, persistence and
> limiting effects of these symptoms are not credible for
> the reasons explained in this decision.

Plaintiff argues that the ALJ's determination must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. *Rogers v. Comm'r Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); SSR 96-7p. Plaintiff contends that blanket assertions that the plaintiff is not believable, such as the one used by the ALJ here, are insufficient. *Rogers* at 247. In sum, plaintiff argues that the ALJ's credibility determination is not supported by substantial evidence, made without an actual discussion of her testimony, and lacks compliance with Social Security's own rulings and regulations; and as a result, remand is required.

Plaintiff indicated that she has difficulty sleeping through the night due to pain. She testified that she is able to grocery shop, but needs to use the motorized scooter. Plaintiff stated that she felt unable to work due to difficulty standing and sitting, and being uncomfortable. Further, she indicated that she has pain in her hips, legs, shoulders, and arms. She rated her pain level at a level 6 out of 10 with the use of medications, and constant in nature. Plaintiff indicated that she has

morning stiffness affecting her fingers and legs.  Plaintiff stood during the hearing and indicated that she could sit for about 15 minutes at one time, stand for 15 minutes at one time, and walk about a half block before needing to stop.  She identified her most comfortable position as lying down, something she does about 6 times per day for about 30 minutes.  Plaintiff indicated that she takes naps during the day about 5 times.  Plaintiff testified that she has only about 2-3 good days per week, and experiences bad days where she does not want to be around others and wants to be left alone.  She clarified that on these days she will get assistance with her children from her father or boyfriend.  She indicated that the heaviest weight she could lift is 5 pounds.  Plaintiff described difficulty doing laundry and cleaning.  Plaintiff identified problems with putting on clothing and showering.  She stated that she has difficulty with focusing and concentrating, which she attributes to her pain and depression.  Plaintiff explained that she feels fatigue on a daily basis.

Despite all of this, plaintiff contends that the ALJ fails to discuss any of the claimant's testimony in relation to the medical evidence contained in the record. In fact, there is no discussion whatsoever about the claimant's credibility beyond the "boilerplate" language.  Plaintiff argues that the ALJ also fails to weigh the seven factors set forth in SSR 96-7p for evaluating credibility.  Plaintiff asserts that there is no logical bridge of evidence that connects the boilerplate language to

the ALJ's credibility determination. Therefore, she urges that the case should be remanded to a proper credibility assessment.

    C.    <u>The Commissioner's Motion for Summary Judgment</u>

The Commissioner acknowledges that fibromyalgia is a "complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." SSR 12–2p, 2012 WL 3104869, at *2. "But a diagnosis of fibromyalgia does not equate to a finding of disability or an entitlement to benefits." *Stankoski v. Astrue*, 2013 WL 4045974, at *4 (6th Cir. Aug. 12, 2013).  According to the Commissioner, although a treating physician's opinion is generally entitled to deference, *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001), where it is unsupported, or inconsistent with record evidence, the ALJ is not obligated to afford a treating physician's opinion controlling weight. SSR 96-2p, 1996 WL 374188, at *1.  "Social Security regulations require the agency to provide good reasons for the weight given to a treating physician's opinion . . . ." *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 651 (6th Cir. 2009).

Here, the ALJ afforded less than controlling weight to Dr. Yahia's opinion regarding plaintiff's fibromyalgia-related limitations because it was inconsistent with the treatment records, including physical examinations that were unremarkable except for trigger points.  He also observed that plaintiff

retained a normal range of motion and there were no exertional limitations noted. Rather, the ALJ observed that Dr. Yahia relied on plaintiff's subjective complaints. The Commissioner contends that substantial evidence supports this evaluation.

"The Sixth Circuit has issued strong opinions on this point, in one case reversing a district court's decision to affirm the ALJ's denial because of the ALJ's undue emphasis on the lack of objective evidence." *Cooper v. Comm'r of Social* , 2014 WL 4606010, at *16 (E.D. Mich. Jun. 17, 2014) (citing *Kalmbach v. Comm'r of Soc. Sec.*, 409 Fed. Appx. 852, 861 (6th Cir.2011)) ("[T]he ALJ's rejection of the treating physicians' opinions as unsupported by objective evidence in the record obviously stems from his fundamental misunderstanding of the nature of fibromyalgia.") (additional citations omitted).

The Commissioner urges that, despite the strong language regarding fibromyalgia, a distinction exists between rejecting fibromyalgia as a severe impairment at step two and questioning the extent of limitations later in the disability analysis, as occurred here. *Cooper*, 2014 WL 4606010 at *19. *See Torres v. Comm'r of Soc. Sec.*, 490 Fed. Appx. 748, 754 (6th Cir. 2012) (noting the "important distinction between, on one hand, diagnosing fibromyalgia and finding it to be a severe impairment and, on the other, assessing a claimant's physical limitations due to the impairment").

10

Here, the Commissioner contends that the ALJ accepted that plaintiff's fibromyalgia was a severe impairment.  Further, she assigned little weight not only to Dr. Yahia's opinion, but also to the state agency findings, and limited plaintiff to sedentary work with an opportunity to sit and stand, which reflects consideration of her exertional limitations according to Dr. Yahia.  *Cf. Cooper*, 2014 WL 4606010, at *24 (noting with approval that the ALJ incorporated the bulk of a treating physician's opinion on Plaintiff's fibromyalgia limitations into the RFC).

The Commissioner notes that, although plaintiff alleged disabling pain and fatigue, her neurologic, musculoskeletal, and constitutional examinations were often normal.  According to the Commissioner, the plaintiff responded well to Lyrica.  In November 2011, she characterized her own pain as mild.  (Dkt. 12-7, Pg ID 373).  In March and April 2012, during evaluation for urination frequency and kidney stones respectively, she denied back, neck, and joint pain.  (Dkt. 12-7, Pg ID 397, 400).  In May 2013, she admitted good general health.  (Dkt. 12-7, Pg ID 412).  In October 2013, she reported no fatigue or weakness, and review of her systems was negative for myalgias, back

pain, and joint pain.  (Dkt. 12-7, Pg ID 440). Thus, argues the Commissioner, the record provided ample reasons for discounting Dr. Yahia's opinion. *Cf. Hudson v. Comm'r v. Social Sec.*, 2013 WL 4487452, at *10 (E.D. Mich. Aug. 19, 2013)

(finding the ALJ did not fundamentally misunderstand fibromyalgia where the ALJ found fibromyalgia was a severe impairment, and observing that the ALJ could consider physical evaluations of a claimant).

The Commissioner contends that, contrary to plaintiff's credibility argument, the ALJ did consider plaintiff's complaints, which simply are not borne out by the record. The Commissioner notes that plaintiff testified at her hearing in February 2014 that she could only sit for 15 minutes at a time, stand for 15 minutes at a time, walk for half a block, and lift five pounds, but in October 2013, she had normal strength and muscle tone, and her systems were within normal limits in November 2013. In January 2014, her musculoskeletal and neurologic examinations were normal. Further, as the ALJ noted, the treatment notes make no mention of an inability to sit more than 10 to 15 minutes at a time, stand for more than 15 minutes at one time, lift more than five pounds, or nap five times per day. The ALJ also observed that with conservative treatment plaintiff's pain symptoms were partially under control with medication and she slept nine to ten hours per night. She also reported improvement in her pain with physical therapy. Given that the ALJ found Plaintiff's fibromyalgia was severe, but ultimately found plaintiff's subjective complaints less than credible based on the inconsistency of the record as a whole and the presence of normal findings, the Commissioner contends that substantial evidence supports the ALJ's assignment of little weight

12

to Dr. Yahia's opinion and his assessment of Plaintiff's credibility. *See Cooper,* 2014 WL 4606010, at *20 ("Finally, the ALJ's explanation of internal contradictions or questionable evidence in treating source opinions still provides a sufficient basis to uphold the finding.")

Finally, the Commissioner refutes plaintiff's claim that her case should be remanded for an award for benefits without further proceedings. According to the Commissioner, a "court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Hum. Servs.*, 17 F.3d 171, 176 (6th Cir.1994). Where plaintiff has failed to demonstrate error requiring remand for further proceedings, she has also failed to demonstrate error requiring remand for the payment of benefits. *See Martin v. Comm'r*, 61 Fed. Appx. 191, 201 (6th Cir. 2003) (quoting *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994) ("A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking.").

D.   Plaintiff's Reply Brief

Plaintiff replies to the Commissioner that the defendant incorrectly argues that "[s]ubstantial evidence supports" the ALJ's evaluation and conclusions regarding Dr. Yahia's opinion. Acknowledging defendant's argument that "the

13

record provided ample reasons for discounting Dr. Yahia's opinion," plaintiff counters that the ALJ failed to provide "good reasons" that were "supported by the evidence in the case record, and…sufficiently specific to make clear to any subsequent reviewer the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson v. Comm'r Soc. Sec.,* 378 F.3d at 545 (6th Cir. 2004) (quoting SSR 96-2p). Furthermore, plaintiff argues, it is not simply the "record" that must provide ample reasons for discounting a treating physician opinion, but rather the ALJ must give "good reasons" for rejecting or discounting a treating physician's opinion. *Francis v. Comm'r Soc. Sec.*, 414 Fed. Appx. 802, 804 (6th Cir. 2011). Here, according to plaintiff, the ALJ completely fails to provide "good reasons" for rejecting Dr. Yahia's opinion. Plaintiff contends that, at best, the Commissioner's argument is a post-hoc rationalization of the ALJ's decision, which is insufficient to support its argument. *See Christephore v. Comm'r Soc. Sec.,* 2012 WL 2274328, at *6 (E.D. Mich. June 18, 2012) (Roberts, J.) ("[I]t is not the Court's job to conduct a de novo review of the evidence or to rubber stamp the ALJ's decision. The Court must ensure both that the ALJ applied the correct legal standard and that his decision is supported by substantial evidence. Moreover, it is the ALJ's rationale that is under review, not defense counsel's.").

Plaintiff maintains that the Commissioner's arguments cannot overcome the

14

ALJ's failure to provide "good reasons" for rejecting Dr. Yahia's opinion. Therefore, the ALJ's decision to give little weight to Dr. Yahia's opinion is not supported by substantial evidence and remand is warranted.[1]

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under

---

[1] Plaintiff argued for an award of benefits as relief in her original brief in support of her motion for summary judgment. (Dkt. 14). The Commissioner argued that plaintiff does not meet the requirements for such relief in its brief. (Dkt. 20). Plaintiff altered her requested relief to that of remand in her reply brief. (Dkt. 21). The undersigned construes this modification as plaintiff's abandonment of her argument for an immediate award of benefits, and thus will consider remand for further proceedings as plaintiff's only requested relief.

this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not

free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247 (quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only.  *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of*

17

*Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

B.   <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status, and to minor or disabled children of deceased qualifying wage earners; Title XVI benefits are available to

18

poverty stricken adults and children who become disabled.  F. Bloch, Federal

Disability Law and Practice § 1.1 (1984); 20 C.F.R. §404.350(a).  While the two

programs have different eligibility requirements, "DIB and SSI are available only

for those who have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th

Cir. 2007).  "Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R.

§ 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.

> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do
> basic work activities," benefits are denied without
> further analysis.

> Step Three:  If plaintiff is not performing substantial
> gainful activity, has a severe impairment that is
> expected to last for at least twelve months, and the
> severe impairment meets or equals one of the
> impairments listed in the regulations, the claimant is

> conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).  At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors."  *Rogers*, 486 F.3d

at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C.     Analysis and Conclusions

The opinion of a treating physician should be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and "not inconsistent with the other substantial evidence in [the] case record."  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); 20 C.F.R. § 404.1527(d)(2).  The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion.  These reasons must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.  *Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 376 (6th Cir. 2013).  A failure to analyze a treating source opinion under the two-prong controlling weight test amounts to failure to provide good reason for giving that opinion less than controlling weight.  *See id.* at 376-77.

> This requirement is not simply a formality; it is to safeguard the claimant's procedural rights. It is intended "to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that [ ] he is not. Significantly, the requirement safeguards a reviewing court's time, as it "permits meaningful" and efficient "review of the ALJ's application of the [treating physician] rule."

*Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (citations omitted). "This circuit 'has made clear that [it] do[es] not hesitate to remand when the Commissioner has not provided good reasons for the weight given to a treating physician's opinion.'" *Gayheart,* 710 F.3d at 380 (quoting *Cole*, 661 F. 3d at 939).

Even if an ALJ determines that plaintiff's treating physician's opinions should not be given controlling weight despite the medical evidence in support, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Allen v. Comm'r of Soc. Sec.*, 2013 WL 5676254, at *13 (E.D. Mich. Sept. 13, 2013) (citing *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)). "The more a medical source presents relevant evidence to support an opinion, particularly medical

22

signs and laboratory findings, the more weight we will give that opinion.  The

better an explanation a source provides for an opinion, the more weight we will

give that opinion."  20 C.F.R. § 404.1527(c)(3).  "Moreover, when the physician

is a specialist with respect to the medical condition at issue, . . . her opinion is

given more weight than that of a non-specialist."  *Johnson v. Comm'r of Soc.

Sec.*, 652 F.3d 646, 651 (6th Cir. 2011).

 "The intersection of treating source law and fibromyalgia claims presents

particular difficulties for the ALJ and the reviewing court."  *Cooper v. Comm'r of

Soc.Sec.,* 2014 WL 4606010, at *15 (E.D. Mich. June 17, 2014) (citing *Sarchet v.

Chafer*, 78 F.3d 305, 306 (7th Cir. 1996)).  In fibromyalgia cases, resorting to

objective evidence in the record is often unavailing.  *Cooper*, 2014 WL 4606010,

at *16 (citing *Rogers*, 486 F.3d at 243).  The Sixth Circuit has issued strong

opinions on this point, reversing ALJ's findings because of their undue emphasis

on the lack of objective evidence.  *Id.*; *see e.g.*, *Kalmbach v. Comm'r of Soc. Sec.*,

409 Fed. Appx. 852, 861 (6th Cir. 2011) ("[T]he ALJ's rejection of the treating

physician's opinions as unsupported by objective evidence in the record

obviously stems from his fundamental misunderstanding of the nature of

fibromyalgia.").   Test results showing normal strength, gait, or range of motion

are not convincing evidence of lack of disability.  *Cooper*, 2014 WL 4606010, at

*17 (citing *Rogers,* 486 F.3d at 248 and *Preston v. Sec'y of Health & Human

*Servs.*, 854 F.2d 815, 820 (6th Cir. 1988)).  Likewise, normal x-ray results,

neurological reactions and the absence of joint inflammation also do not reflect

non-disability.  *Id*. (citing *Swain v. Comm'r of Soc. Sec.,* 297 F. Supp. 2d 986,

990 (N.D. Ohio 2003)).  "The diminished potency of traditional evidence has

heightened the importance of treating sources in fibromyalgia cases." *Cooper,*

2014 WL 4606010, at *18.

Although physician's clinical notes and observations are critical in

assessing the level of impairment caused by fibromyalgia, special rules for

treating source opinions regarding the disorder have not been established.  *Id.*

(citing *Byberg v. Comm'r of Soc. Sec.*, 2013 WL 1278397, at *9 (E.D. Mich. Mar.

11, 2013), *adopted by* 2013 WL 1278500 (E.D. Mich. Mar. 27, 2014) and

*Adeyemi v. Comm'r of Soc. Sec.*, 2011 WL 6181445, at *7 (N.D. Ohio Dec. 13,

2011)).  Nevertheless, treating source opinions are not always given deference in

fibromyalgia cases; case law has provided some discernable guiding principles.

*Id*. at *18-19.

- Courts should be wary of an ALJ's rationale for denial that relies on the

  lack of objective evidence, a claimant's ability to complete personal tasks,

  and a conservative treatment approach.  *Id*. at *20.

- Nevertheless, traditional factors are not summarily disregarded.  *Id*.

  Uniformity of treating opinions and their consistency with other medical

opinions is significant.  *Id.*

• Inconsistencies with other evidence, particularly claimant's activities and testimony may provide good reason to discount a treater's opinion.  *Id.*

• Even if not fully accepted, a treater's opinion has been adequately considered if it has been incorporated in the RFC.  *Id.*

• Critically, the ALJ's explanation of internal contradictions or questionable evidence in treating source opinions still provides a sufficient basis to uphold the finding.  *Id.*

In this case, the ALJ assigned little weight to the opinions of plaintiff's treating rheumatologist, Dr. Yahia, because they were "inconsistent with treatment records." (Dkt. 12-2, Pg ID 55).  The ALJ noted that Dr. Yahia's physical examinations of plaintiff were unremarkable except for trigger points. (*Id.*).  Plaintiff retained normal range of motion, no exertional limitations were noted and records only note subjective pain complaints.  (*Id.*).  "Therefore, Dr. Yahia's findings relied heavily on the claimant's subjective complaints, which are not supported by objective evidence and thus must be given little weight."  (*Id.*). The ALJ notes that plaintiff received only conservative treatment (Dkt. 12-2, Pg ID 56) and does not further specify inconsistencies between Dr. Yahia's Fibromyalgia RFC Questionnaire and the treatment records.

Applying the guiding principles discerned and articulated in *Cooper*,

25

*supra*, the undersigned concludes that the ALJ did not properly weigh the treating physician's opinion.  The ALJ relies almost exclusively on the lack of objective evidence and the use of conservative treatment as the basis for discounting the lone treating physician's opinions on plaintiff's physical condition and limitations.  Furthermore, the ALJ does not identify inconsistencies with other evidence, including plaintiff's own testimony.  Although the ALJ alludes to treatment records inconsistent with Dr. Yahia's opinion, she does not specifically identify any conflicting records or explain any inconsistency.  Finally, notwithstanding the Commissioner's argument that the ALJ properly considered the treater's opinion by incorporating some of Dr. Yahia's limitations in the RFC, the ALJ rejected the bulk of Dr. Yahia's opinions regarding plaintiff's limitations, specifically, the amount of time plaintiff could sit, stand or walk in an eight hour workday, her need for unscheduled breaks, her need to lie down throughout the day, her need to elevate her legs, and her restricted ability to use her upper extremities.  (Dkt. 19).  Plaintiff's RFC includes none of these restrictions.  (Dkt. 12-2, Pg ID 53).

Special considerations for fibromyalgia aside, the undersigned is also unpersuaded that the ALJ provided the requisite good reasons for affording the treating source opinion less than controlling weight, in general.  In other words, the ALJ did not establish that Dr. Yahia's opinion was not "well-supported by

medically acceptable clinical and laboratory diagnostic techniques," and was "inconsistent with the other substantial evidence in [the] case record." *See Wilson*, 378 F.3d at 544; 20 C.F.R. § 404.1527(d)(2). In assigning Dr. Yahia's opinion little weight, the ALJ relied on "unremarkable physical examinations *except for trigger points*" and Dr. Yahia's reliance on plaintiff's subjective complaints. (Dkt. 12-2, Pg ID 55) (emphasis added). To the contrary, Dr. Yahia's notations of consistent tenderness at multiple trigger points and plaintiff's complaints of stiffness, chronic pain and fatigue (Dkt. 12-7, Pg ID 366-373) qualify as medically acceptable clinical diagnostic techniques for fibromyalgia. *See Kalmbach v. Commr. of Soc. Sec.,* 409 Fed. Appx. 852, 861-62 (6th Cir. 2011) ("In the absence of other objectively ascertainable manifestations, the process of diagnosing fibromyalgia includes (1) the testing of a series of focal points for tenderness and (2) the ruling out of other possible conditions through objective medical and clinical trials."); *see also, Barker-Bair v. Comm'r of Soc.Sec.*, 2008 WL 926569, at *7 (S.D.Ohio, Apr. 3, 2008) ("[S]ince the presence and severity of fibromyalgia cannot be confirmed with diagnostic testing, the treating physician's opinion must necessarily depend upon the assessment of the patient's subjective complaints.").

The decision also discounted Dr. Yahia's opinion based on its inconsistency with the treatment record. The only inconsistency between Dr.

27

Yahia's treatment records and the opinion specified by the ALJ is that the exertional limitations noted in the opinion were not otherwise noted in the treater's examination records.  (Dkt. 12-2, Pg ID 55).  Surely conflicting substantial evidence must consist of more than the mere absence of further corroborating evidence elsewhere in the treating doctor's examination records. *See Newcomb v. Comm'r of Soc.Sec.*, 2016 WL 1253820, at * 7 (E.D.Mich.  Mar. 8, 2016) *adopted by* 2016 WL 1242508 (E.D. Mich. Mar. 30, 2016) (Parker, J.). Additionally, any other unnamed inconsistency is not sufficiently specific to make clear to any subsequent reviewers the reasons for the weight she gave to the treating source's medical opinion.[2]  *See Gayheart,* 710 F.3d at 376.  Accordingly, the undersigned finds that the ALJ has not provided adequate support for the assertion that Dr. Yahia's opinions are inconsistent with other substantial evidence in the case record.

Furthermore, even if a proper analysis of the record might not support giving controlling weight to the opinion of Dr. Yahia, the ALJ's reasoning fails to justify giving that opinion little weight.  As discussed above, the ALJ relied only

---

[2] The purportedly inconsistent treatment records cited to by the Commissioner in its brief were not cited to or discussed by the ALJ; accordingly, the Commissioner's reliance on these records is a post-hoc rationalization of the ALJ's decision, which certainly cannot be sufficient to support its argument.  *See Christephore v. Comm'r Soc. Sec.,* 2012 WL 2274328, at *6 (E.D. Mich. June 18, 2012) (Roberts, J.) ("[I]t is not the Court's job to conduct a de novo review of the evidence or to rubber stamp the ALJ's decision. The Court must ensure both that the ALJ applied the correct legal standard and that his decision is supported by substantial evidence.  Moreover, it is the ALJ's rationale that is under review, not defense counsel's.").

28

on an absence of objective test results and recommendations in the examination records to discount the opinion.  (Dkt. 12-2, Pg ID 55).  The ALJ did not cite record evidence that contradicts Dr. Yahia's opinion that plaintiff could sit, stand or walk less than two hours in an eight hour workday, would need unscheduled breaks to lie down every one to two hours, would need to elevate her legs, had restricted ability to use her upper extremities regularly, would be off task more than 25% of the time and would miss more than four days of work per month due to her impairments or treatment.  Nor did the ALJ evaluate the other regulatory factors required to properly weigh medical opinions, such as the opinion's supportability and consistency with the record as a whole, length of the relationship between plaintiff and the treater and the treater's specialty.  *See Gayheart* at 378; *see Allen*, 2013 WL 5676254, at *13; 20 C.F.R. § 404.1527. Accordingly, the undersigned finds that the ALJ erroneously weighed the opinion of plaintiff's treating rheumatologist, Dr. Yahia, and thus recommends the case be remanded under sentence four of 42 U.S.C. § 405(g) to give the ALJ an opportunity to conduct the proper evaluation of the treating source opinion.

Because this matter is being recommended for remand for further proceedings, and in the interests of judicial economy, the undersigned will not consider plaintiff's remaining assignment of error.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that defendant's motion for summary judgment be **DENIED**, that the findings of the Commissioner be **REVERSED**, and that this matter be **REMANDED** for further proceedings under Sentence Four.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an

30

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.  If the Court determines that any objections are without

merit, it may rule without awaiting the response.

Date: February 16, 2017           s/Stephanie Dawkins Davis
                                  Stephanie Dawkins Davis
                                  United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on February 16, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to counsel of record.

                                  s/Tammy Hallwood
                                  Case Manager
                                  (810) 341-7887
                                  tammy_hallwood@mied.uscourts.gov

31